Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000023
29-MAY-2015
08:28 AM

NO. CAAP-13-0000023

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MATTHEW ELBERSON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-12-00939)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Ginoza, JJ.)

After a bench trial, the District Court of the First Circuit (District Court)[1] found Defendant-Appellant Matthew Elberson (Elberson) guilty of operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2014).[2]

---

[1] The Honorable David W. Lo presided.

[2] HRS § 291E-61(a)(3) provides:

    (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

        . . .

        (3)    With .08 or more grams of alcohol per two hundred ten liters of breath[.]

Elberson appeals from the Judgment entered by the District Court on December 17, 2012. On appeal, Elberson contends that: (1) the District Court erred in permitting the State to amend its complaint; (2) the amended complaint was defective because it was pled in the disjunctive and failed to include the statutory definition of the term "alcohol"; (3) the results of his breath test should have been suppressed; (4) the State failed to lay a sufficient foundation for the admission of the test results, which showed that Elberson had a breath alcohol concentration of .167 grams of alcohol per 210 liters of breath -- a concentration that exceeded the legal limit; (5) the District Court improperly took judicial notice that the use of the Intoxilyzer 8000 for breath alcohol testing was approved by the DUI Coordinator; (6) there was insufficient evidence to prove that he operated or was in actual physical control of a vehicle; and (7) there was insufficient evidence to prove that the alleged impairment had not been caused by denatured alcohol. We affirm.

I.

We resolve the issues raised by Elberson on appeal as follows:

1. The District Court did not err in permitting the State to amend its complaint to allege the requisite mens rea for the HRS § 291E-61(a)(1) violation. See State v. Kam, 134 Hawaiʻi 280, 285-87, 339 P.3d 1081, 1086-88 (2014), cert. granted, No. SCWC-12-0000897 (Apr. 2, 2015). In any event, the State chose to proceed to trial only on the HRS § 291E-61(a)(3) violation, which had been properly charged in the original complaint.

2. The State's OVUII charge was permissibly pled in the disjunctive. See State v. Codiamat, 131 Hawaiʻi 220, 226-27, 317 P.3d 664, 670-71 (2013); State v. Vaimili, 134 Hawaiʻi 264, 272-73, 339 P.3d 1065, 1073-74 (App. 2014), cert. granted, No. SCWC-12-0000115, 2015 WL 745351 (Feb. 20, 2015). The charge was not defective for failing to allege the statutory definition of the term alcohol. State v. Turping, No. CAAP-13-0002957, 2015 WL

2

792715 (Hawai'i App. Feb. 25, 2015), cert. denied, No. SCWC-13-0002957 (May 20, 2015).

3. Elberson's claim that the results of his breath test should have been suppressed because they were unlawfully obtained is without merit. State v. Won, 134 Hawai'i 59, 332 P.3d 661 (App. 2014), cert. granted, No. SCWC-12-0000858, 2014 WL 2881259 (Jun. 24, 2014).

4. The State laid a sufficient foundation for the admission of the breath test results. The State sufficiently established the reliability of the test results by demonstrating compliance with the applicable administrative rules. The State was not required to show compliance with manufacturer recommendations to lay a sufficient foundation for the admission of the test results. See State v. Hsu, No. CAAP-10-0000214, 2013 WL 1919514, at *1-2 (Hawai'i App. May 9, 2013) (SDO), cert. denied, No. SCWC-10-0000214, 2013 WL 4459000 (Aug. 20, 2013).[3] We also reject Elberson's claim that the breath test results were admitted in violation of his due process rights and his right to discovery. See id, 2013 WL 1919514, at *2-3; State v. Richardson, No. CAAP-12-0000775, 2015 WL 1959206, at *3 (Hawai'i App. Apr. 30, 2015).

5. The District Court did not err in taking judicial notice of the DUI Coordinator's approval of: (1) the Intoxylizer 8000 as a breath alcohol testing instrument; and (2) the use of its Internal Standards as an accuracy verification device.

---

[3] Elberson claims that the references in Hawai'i Administrative Rules (HAR) § 11-114-5(b), with respect to model specifications of the National Highway Traffic Safety Administration (NHTSA) and to conforming products lists, do not exist. This claim is without merit. The references in HAR § 11-114-5(b) are to notices contained in the Federal Register from the United States Department of Transportation (DOT) NHTSA. For example, Volume 49 of the Federal Register at pages 48854-48865 contains notices from the DOT NHTSA dated December 14, 1984, regarding "Highway Safety Programs; Standard for Devices to Measure Breath Alcohol" and "Highway Safety Programs; Model Specifications for Evidential Breath Testing Devices: Publication of a Conforming Products List." Volume 49 of the Federal Register at pages 48865-48872 contains a notice from the DOH NHTSA dated December 14, 1984, regarding "Highway Safety Programs; Model Specifications for Calibrating Units for Breath Alcohol Testers; Publication of Conforming Products List."

Although the State failed to submit copies of the judicially noticed documents as the District Court instructed, the State has provided those documents on appeal. See Hawaii Rules of Evidence (HRE) Rule 201(f) (1993) ("Judicial notice may be taken at any stage of the proceeding."); State v. Davis, 133 Hawai'i 102, 122, 324 P.3d 912, 932 (2014) (taking judicial notice on appeal). The DUI Coordinator's approvals were the proper subject of judicial notice. See Rule 201(b) (1993); State v. West, No. CAAP-12-0000717 at 4-7 (Hawai'i App. May 27, 2015) (SDO).

6. There was sufficient evidence to prove that Elberson operated or was in actual physical control of a vehicle. Based on Elberson's stipulation that there was "reasonable suspicion [for the stop] and probable cause for [the arrest], and that gets us up to where they can compel him to read the implied consent form[,]" the District Court could reasonably infer that Elberson had been operating a vehicle.

7. The statutory exception for denatured alcohol is a defense, which the State was not required to allege in the OVUII charge and on which Elberson bore the initial burden of producing evidence. Turping, 2015 WL 792715, at *3-5; State v. Nobriga, 10 Haw. App. 353, 359-60, 873 P.2d 110, 113-14 (1994). Elberson did not offer any evidence to support a "denatured alcohol" defense and thus the State was not required to disprove the defense.

II.

We affirm the District Court's Judgment.

DATED: Honolulu, Hawai'i, May 29, 2015.

On the briefs:
Richard L. Holcomb
(Holcomb Law, LLLC)
for Defendant-Appellant
James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

*[signature]*

Associate Judge

*[signature]*

Associate Judge

4